UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:12-cv-00507-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAVID G. PFLUM; PATRICIA A. PFLUM, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Plaintiff the United States' Motion for Default Judgment. (Dkt. no. 21.) Plaintiff seeks a default judgment against Defendants David and Patricia Pflum. Defendants have not answered or otherwise responded to the Complaint. Defendants have also failed to respond to the Motion for Default Judgment (dkt. no. 21) despite an order to show cause from this Court (dkt. no. 35). For the reasons stated herein, Plaintiff's Motion is granted.

## II.   RELEVANT BACKGROUND

Plaintiff initiated this action seeking to foreclose on federal tax liens upon certain real property of Defendant David G. Pflum. The Complaint alleges that the Secretary of Treasury made timely assessments against Mr. Pflum for unpaid federal income taxes, penalties, interest and other statutory additions in the amounts and periods identified in the Complaint. (Dkt. no. 1.) Plaintiff alleges that Mr. Pflum was also properly assessed unpaid employment taxes for the fourth quarter of 1999. The Complaint alleges that total amount owed is approximately $6,280,228.72, and that statutory liens for these unpaid assessments attach to Mr. Pflum's property, including the parcel of real property

described in the Complaint. Plaintiff asserts a single claim to foreclose the tax liens encumbering said property.

Service of the Summons and Complaint were effectuated on November 1, 2012. (Dkt. nos. 8 and 9.) Defendants had until November 22, 2012, to respond to the Complaint. However, as noted in the Court's August 26, 2013, Order, Defendants have failed to respond, though Mr. Pflum filed a copy of correspondence and notices, which the Court ordered stricken. (Dkt. no. 35.) The Court gave Defendants fourteen (14) days to respond to the Complaint or show cause why the Court should not enter default judgment against them. Defendants failed to respond within the deadline. Instead, Mr. Pflum filed another notice, which is not legible. (Dkt. no. 36.)

## III. DISCUSSION

### A. Legal Standard

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the

sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

### B. Analysis

As an initial matter, the Court finds that Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 15.) Insofar as Defendants have not answered or otherwise responded to the Complaint despite the Court's August 26, 2013, Order, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

The Court further finds that the *Eitel* factors compel the granting of default judgment. Defendants are clearly aware of Plaintiff's attempt to seek foreclosure on its tax liens, but have refused to respond to the Complaint. The potential prejudice to Plaintiff is great if Defendants are allowed to avoid appearing in this case and avoid having default judgment entered simply by continuing to file baffling notices despite warning from the Court. The Court is also satisfied that Plaintiff has demonstrated the merits of its claim. Thus, having considered the *Eitel* factors, the Court finds that default judgment is warranted.

### IV. CONCLUSION

It is ordered that Plaintiff United States' Motion for Default Judgment (dkt. no. 21) is granted. The Court will further grant the proposed order attached to the Motion (dkt. no. 21-2). The Clerk is directed to issue judgment in favor of Plaintiff and to close this case.

DATED THIS 22nd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE